

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

       Plaintiff,

                                 Hon. Shalina D. Kumar

v.

                                 Case No. 4:24-cr-20040

Kevin Smith,

       Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Kevin Smith, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.   Count of Conviction

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant with Theft of Government Funds under 18 U.S.C. § 641.

## 2.   Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 10 years |
| | Fine: | Up to $250,000, or twice the loss |
| | Term of supervised release: | Up to 3 years |

There are no statutory minimum penalties for this count of the Information.

**3.    Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes a sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional fraud charges against the defendant for the conduct reflected in the factual basis of this plea agreement.

**4.    Elements of Count of Conviction**

The elements of Count 1 are:

1. The money or property described in the Information belonged to the United States or one of its Agencies;

2. The defendant stole, purloined, or converted the money or property to his own use or to someone else's use;

3. The defendant acted knowingly and willfully with the intent to
deprive the owner of the use or benefit of the money or
property; and

4. The value of the money or property was greater than $1,000.

5. **Factual Basis**

The parties agree that the following facts are true, accurately
describe the defendant's role in the offense, and provide a sufficient
factual basis for the defendant's guilty plea:

Beginning in or around September 1987, and continuing through
August 2021, in the Eastern District of Michigan, the defendant Kevin
Smith, did knowingly and willfully steal, purloin, and convert to his use
money of the Social Security Administration (SSA), a department or
agency of the United States, to wit:  Social Security Act, Title II,
Childhood Disability Benefits (CDB), to which he was not legally
entitled, having a value of $258,488.20.

The benefits described above were monies paid out by the Social
Security Administration to the defendant, based on the presumption
that he was being honest in his interactions with the SSA.  In reality,
the defendant knowingly and intentionally concealed his *six* marriages

from the SSA, in order to remain eligible for and continue receiving Social Security Childhood Disability Benefits.

The defendant made use of the funds referenced above with full knowledge of the fact that (1) he was not legally entitled to the money, and (2) the money was the property of the SSA.

## 6.  Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the

defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to

have the jury informed that it may not treat that choice as

evidence of guilt;

H.     The right to present evidence or not to present evidence at

trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

**7.     Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry

additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his conviction

here may require him to be removed from the United States, denied

citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of

his conviction here may include, but are not limited to, adverse effects

on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but

not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.   Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- § 2B1.1(a)(2) – Base Offense Level: 6

- § 2B1.1(b)(1)(G) – Loss between $250,000 and $550,000 (Increase offense level by 12)

- § 4A1.3(b) – Downward Departure based on Criminal History Category.  The parties agree that the defendant's criminal history overstates his likelihood of recidivism and recommend a downward departure from Criminal History Category VI to IV.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing

purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any

position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 8.B,

8.C, or 8.D. Neither party is otherwise restricted in what it may argue

or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw

from this agreement or withdraw his guilty plea if he disagrees, in any

way, with the guideline range determined by the Court, even if that

guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government

likewise has no right to withdraw from this agreement if it disagrees

with the guideline range determined by the Court.

9.     **Imposition of Sentence**

    A.     **Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

    B.     **Imprisonment**

The parties have no agreement as to the appropriate sentence.

    C.     **Supervised Release**

        1.     **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

        2.     **No Right to Withdraw**

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation.

**D.    Fines**

There is no recommendation or agreement as to a fine.

**E.    Restitution**

The Court must order restitution to every identifiable victim of the defendant's offense.

The parties agree that the victims and the full amounts of restitution in this case, are as follows:

**Social Security Administration          $258,488.20**

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the

purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100.00, due immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief

permitted under 18 U.S.C. § 3582(c), as long as the defendant properly

files a motion under that section. The defendant, however, waives any

other right he may have to challenge his conviction or sentence by

collateral review, including, but not limited to, any right he may have to

challenge his conviction or sentence on any grounds under 28 U.S.C.

§ 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,

or Federal Rule of Civil Procedure 59 or 60.

## 12. Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea, or

breaches this agreement, or if the Court rejects this agreement, or if the

defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct.

If the defendant has been permitted to plead guilty to a lesser-included

offense, the government may also reinstate any charges or file any

additional charges against the defendant for the greater offense, and

the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13.    Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**15.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement.

This plea agreement also does not prevent any civil or administrative actions against the defendant—including but not limited to the withholding of current or future Social Security Disability Insurance, Retirement Insurance, Survivor's Insurance, or Supplemental Security Income (SSI) benefits otherwise payable to the defendant—or any forfeiture claim against any property, by the United States or any other party.

**16.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on February 24, 2024.

The government may withdraw from this agreement at any time before the defendant pleads guilty.

Julie A. Beck
Acting United States Attorney

*Anthony P Vance*

Anthony P. Vance
Assistant United States Attorney
Chief, Branch Offices

*Corinne M. Lambert*

Corinne M. Lambert
Special Assistant U.S. Attorney

Dated: February 19, 2025

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

*Kimberly W. Stout*

Kimberly W. Stout
Attorney for Defendant

*Kevin D. Smith*

Kevin Smith
Defendant

Dated: 3-27-25